MELVILLE HANSCOM ET AL., EXECUTORS OF THE ESTATE OF EDWARD E. HANSCOM, DECEASED, PETITIONERS, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44992. Promulgated September 25, 1931.

*Chester A. Bennett, Esq.*, and *Elwood Seal, Esq.*, for the petitioners.

*L. S. Pendleton, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: The first allegation of error is the failure of the respondent to allow as a credit the sum of $659.16 paid as an inheritance tax to the State of Pennsylvania. Section 301 of the Revenue Act of 1926 provides, in part, as follows:

(a) In lieu of the tax imposed by Title III of the Revenue Act of 1924, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this act, whether a resident or nonresident of the United States:

   \*       \*       \*       \*       \*       \*       \*

(b) The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included

in the gross estate. The credit allowed by this subdivision shall not exceed 80 per centum of the tax imposed by this section, and shall include only such taxes as were actually paid and credit therefor claimed within three years after the filing of the return required by section 304.

A payment of $5,539.57 made by the petitioners on January 20, 1927, as an inheritance tax to the State of Pennsylvania was duly credited by the respondent, but an additional payment of $659.16, made on October 28, 1927, after the return was filed, was not allowed. The petitioners paid the inheritance tax of $659.16 imposed by the State of Pennsylvania upon the transfer of the estate of Edward E. Hanscom, included in his gross estate for Federal estate-tax purposes. The petition filed by the petitioners on June 26, 1929, constitutes a claim for such payment as required by section 301(b). The total sum of $6,198.73 does not exceed 80 per centum of the tax legally due under that section. Therefore, the amount of the tax so paid, or $659.16, should be allowed as a credit.

The second issue involves the valuation of the stock of the Eliot Realty Company as of August 7, 1926. The capital stock of the Eliot Realty Company was closely held by members of the decedent's family and no sales thereof were ever made to the public. Under such circumstances the value of the stock is determined on the basis of the assets underlying the capital stock, and the earnings of the corporation. *Estate of Jacob Fish*, 1 B. T. A. 882; *George F. Milton, Jr., Executor*, 17 B. T. A. 380. There were no earnings in 1925 and 1926 and no dividends had been declared during the corporation's existence. Hence, the value of the real estate and other assets owned by the corporation on August 7, 1926, is determinative of the value of the stock.

The sole witness as to the value of the real estate was Edward Hanscom, Jr., treasurer of the corporation and son of the decedent. He was unable to qualify as an expert in real estate value in Ocean City, N. J., and Philadelphia, Pa. He testified merely that the book values of the properties were substantially correct. The experience of this witness was insufficient to give his opinion any substantial weight. The record does not disclose any persuasive evidence that the fair market value of the real estate holdings of the Eliot Realty Company was other than that fixed by the respondent. Therefore, the valuation of the 2,297 shares of the capital stock of the Eliot Realty Company at $229,700 as determined by the respondent is approved.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*